# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**TREMAINE LATROY BAILEM,**

     **Plaintiff,**

**VS.**                                        **Case No. 4:15cv590-MW/CAS**

**D. BROWN, et al.,**

     **Defendants,**

_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, an inmate proceeding pro se and with in forma pauperis status, initiated this case on December 3, 2015, by filing a civil rights complaint, ECF No. 1.  Subsequently, Plaintiff has been given numerous opportunities to file a viable amended complaint.  *See* ECF Nos. 11, 15, 18, 21, 25, 27, and 29.  Plaintiff has now filed a third amended complaint.  ECF No. 30.  That pleading has now been reviewed as required by 28 U.S.C. § 1915A.

The complaint form requires disclosure of all prior cases filed.  *See* Section IV, ECF No. 30 at 3-4.  Plaintiff lists only one case that he has filed: case number 2:16cv018-SPC-MRM, filed on January 11, 2016, in the

Middle District of Florida.  That habeas case is not, however, the only case Plaintiff has filed.  Plaintiff did not disclose that he previously filed case number 3:08cv761-TJC-JBT in the Middle District of Florida with eleven other inmates.  The Court dismissed Plaintiff from that case, noting that pro se prisoners cannot jointly proceed with in forma pauperis status in a civil rights case.  ECF No. 6 of that case.  Plaintiff was permitted to refile his own separate case, but did not do so.  Additionally, Plaintiff filed case number 2:09cv590-JES-DNF in the Middle District of Florida.  At the time of case initiation, Plaintiff was confined in the Lee County Jail.  That case was ultimately dismissed for failure to prosecute because Plaintiff did not keep the Court informed of his current mailing address.

Despite the fact that the cases were initiated in 2008 and 2009, Plaintiff should not have forgotten about the cases and should have disclosed them on this complaint form.  That is especially true for the 2009 case dismissed for failure to prosecute because partial filing fees were routinely paid throughout 2013 and 2014 until the balance of the filing fee was paid on January 5, 2015.

At this time, no recommendation will be made to dismiss this case because Plaintiff failed to honestly disclose all prior cases.  However, this

Case No. 4:15cv590-MW/CAS

should serve as notice to Plaintiff that if he submits additional lawsuits, all of these cases must be disclosed.  Failure to do so may result in the dismissal of a civil rights case in federal court.  *See* Harris v. Warden, 498 F. App'x 962, 965 (11th Cir. 2012) (affirming dismissal of prisoner's complaint because he affirmatively misrepresented his litigation history); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal of prisoner's complaint for abuse of the judicial process when prisoner failed to disclose prior lawsuit).

Plaintiff's third amended complaint [hereinafter "complaint"], ECF No. 30, has now been reviewed.  Plaintiff names five John and Jane Doe Defendants, as well as Warden Jimmy Coker and Secretary Julie Jones. The Doe Defendants are alleged to be two Property Supervisors, two clerks, and the Library Supervisor.  ECF No. 30 at 1-2.

Plaintiff's complaint begins by explaining that on June 20, 2011, while acting pro se, Plaintiff made a speedy trial demand in criminal case number 11-CF-14595.  ECF No. 30 at 5.  Thereafter, he contends he filed a notice of expiration of speedy trial time on November 14, 2011, and a motion for discharge on December 28, 2011, asserting that his right to speedy trial was violated.  *Id.*  Plaintiff does not provide any further information about

his state criminal trial[1] other than to complain that the Lee County Clerk for the 20th Judicial Circuit failed to properly put a date stamp on his demand for speedy trial.  ECF No. 30 at 5.  Plaintiff indicates that the Clerk's index falsely reflected a January 30, 2015, filing date when Plaintiff actually filed his demand on June 20, 2011.  *Id.*

Plaintiff then alleges that in September 2015, he submitted an inmate request to Mr. Brown, property officer at the N.W.F.R.C. Annex to bring his legal paperwork to him.  *Id.* at 6.  Mr. Brown responded by advising Plaintiff that because his documents exceed an inmate cell's storage capacity, it had been sent to the Main Unit on August 31, 2015.  *Id.*

In October 2015, Plaintiff was transferred to Santa Rosa Correctional Institution.  *Id.*  Plaintiff then began filing grievances, complaining that he was denied access to court because prison officials had not delivered his

---

[1] Review of the Department of Corrections' website reveals Plaintiff was convicted of second degree murder, aggravated assault with a firearm, and felon in possession of a firearm and sentenced on December 11, 2012, out of Lee County, Florida, in case number 1114595.  Thus, Plaintiff was convicted in the case he identified as case number 11-CF-14596.  *See* also Plaintiff's amended habeas petition, ECF No. 10, filed on February 4, 2016, in case no. 2:16cv018 in the Middle District of Florida.  The petition reveals he was convicted on December 5, 2012, and sentenced on December 11, 2012.

legal paperwork to him. *Id.* Plaintiff indicates that his grievances were returning without processing. *Id.*

Despite Plaintiff's allegations about the failure of prison officials to provide him with his legal paperwork, this case is actually an attempted collateral challenge to Plaintiff's conviction. Plaintiff contends that prison officials caused him "actual injury" and because he "was deprived of a full appellate review on his direct appeal . . . ." ECF No. 30 at 8, 9. Plaintiff then alleges he should be "forever discharged from the crimes in case no. 11-CF-014595" because the "State failed to conduct a timely motion for discharge hearing." *Id.* at 8-9. Plaintiff contends the state court did not have jurisdiction to conduct the trial because the case "was not brought to trial within the speedy trial recapture period . . . ." *Id.* at 9.

First, a civil rights case cannot be used to challenge the validity of a conviction. Although Plaintiff states that he seeks monetary damages as relief, it is also clear that Plaintiff is collaterally challenging his conviction. Plaintiff alleged that he should be "discharged" from his conviction and, thus, his period of incarceration. That kind of relief is not available in a civil rights case. Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or

speedier release . . . ." Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct.

2364, 2369 (1994). Because it is clear that a prisoner may not seek to

reduce a period of confinement through a civil rights action, this case must

be dismissed.[2]

Second, Plaintiff's claim for the denial of access to court is insufficient

because his conviction was affirmed on December 11, 2015, and January

5, 2016.[3] Plaintiff claimed he did not have access to his "legal paperwork"

in September and October 2015, but he provides no clear statement of

facts explaining how lack of access to those documents at that time caused

_____

[2] Additionally, to ensure fairness to Plaintiff and in an effort to be thorough, this Court has reviewed the docket for Plaintiff's criminal case number 11-CF-014595 in Lee County, Florida. The docket reveals the inaccuracy of Plaintiff's claim. Plaintiff alleges in this case that he filed a pro se notice of expiration of speedy trial time on November 14, 2011, and a motion for discharge on December 28, 2011. However, judicial notice is taken that after a motion to withdraw as counsel was granted on July 5, 2011, regional counsel was appointed on July 7, 2011, and attorney James Ermacora represented Plaintiff. The docket reveals that on the following day, July 8, 2011, Speedy Trial was waived. Thereafter, a Farretta Hearing was held in August 2011 and the docket reveals Plaintiff declined representation and proceeded pro se. The docket also reveals Plaintiff filed a pro se notice of the expiration of speedy trial on November 14, 2011, and an amended notice of the expiration of speedy trial on November 17, 2011. Orders were entered striking both notices on November 18, 2011, and November 23, 2011. On November 23, 2011, Plaintiff filed another pro se amended notice of expiration of speedy trial time, and on December 28, 2011, a motion for discharge due to violation of Plaintiff's speedy trial rights. The docket does not clearly show entry of an order on those last two motions, but three orders were entered in early January 2012 following those motions and a hearing. Regardless, the docket reveals that while Plaintiff was represented by counsel, speedy trial was waived.

[3] Judicial notice is taken that a Per Curiam Affirmance was entered on December 11, 2015, and the Mandate was entered on January 5, 2016, in case 2D13-379.

him injury when his appeal was decided in December 2015.  Judicial notice

is taken of the docket for his appeal before the Florida Second District

Court of Appeal which reveals that all of Plaintiff's filings were submitted

well before the date he alleges he lacked access to his legal files.  Plaintiff

has not alleged what *specifically* was due to be filed in September or

October of 2015 that Plaintiff could not present because of the actions of

prison officials.  The First Amendment claim is insufficient.

Third, judicial notice is also taken of Plaintiff's amended habeas

petition which is currently pending in the Middle District of Florida.  Plaintiff

alleges he filed a direct appeal in case number 2D13-379 in the Florida

Second District Court of Appeal.  His appeal was filed in January 2013, and

per curiam affirmed on December 11, 2015.  The Mandate was issued on

January 5, 2016.  Thus, Plaintiff was not deprived of appellate review on

direct appeal as he alleged in the instant complaint.  Moreover, Plaintiff has

a more appropriate opportunity to litigate the issue of whether or not his

speedy trial rights were violated and whether speedy trial was waived in his

§ 2254 habeas petition.  *See* case no. 2:16cv18, Middle District of Florida.[4]

---

[4] In an order entered on April 11, 2016, Respondents were directed to respond to the petition within 120 days.  ECF No. 15 of case no. 2:16cv18.

Fourth, Plaintiff has not demonstrated that his constitutional rights have been violated in any manner.  The fact that Mr. Brown, who is not a named Defendant in this case, was unable to provide Plaintiff with his files because the files were not physically present at that time does not show Mr. Brown violated his rights.  Furthermore, Plaintiff has not alleged that any other John or Jane Doe Defendants were *requested* to bring his files and failed to do so.  Thus, the complaint is insufficient to state a claim against any of the other John or Jane Doe Defendants.

Finally, the claims against Defendants Julie Jones and Jimmy Coker are insufficient because Plaintiff alleged only that he submitted grievances to those officials and the grievances were returned without processing. A claim that a Defendant failed to provide relief to Plaintiff through the grievance procedures is not a viable claim.  "Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person[5] does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance,

---

[5]  "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of respondeat superior or vicarious liability.'"  Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994) (quoted in Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)).

even if the grievance is denied." <u>Owens v. Leavins</u>, 5:05cv228, 2006 WL 2640275, at *4 (N.D. Fla. Sept. 13, 2006); <u>Holmes v. Correction Corp. of America</u>, 2011 WL 3490086, at *1 (S.D. Ga. Aug. 9, 2011); <u>Tariq v. Chatman</u>, 2012 WL 3626827, at *1 (M.D. Ga. Aug. 22, 2012).  For supervisory liability to exist under § 1983, a plaintiff must allege either personal participation by the supervisor or "a causal connection existed between the actions of the supervising officials and the alleged constitutional deprivation." <u>Hartley v. Parnell</u>, 193 F.3d 1263, 1269 (11th Cir. 1999) (describing instances when a supervisor can be held liable under § 1983).  Because Plaintiff provides no facts which show any personal involvement by Secretary Jones or Warden Coker and there is no causal connection[6] alleged between those Defendants and any constitutional violation by other Defendants, the complaint must be dismissed as to the Warden and the Secretary.

---

[6] A causal connection may be shown if a plaintiff alleges a history of widespread abuse which gave the supervisor notice of the need for improved training or supervision, but the official failed to take corrective action. <u>Fundiller v. City of Cooper City</u>, 777 F.2d 1436, 1443 (11th Cir. 1985).  Here, Plaintiff makes only a conclusory allegation stating "there has been a history of widespread abuse . . . ." ECF No. 30 at 7.  Plaintiff provides no facts in support of that boilerplate conclusion.

Dismissal of this case is appropriate.  Plaintiff has not shown that any prison official violated his rights.  Moreover, Plaintiff's collateral challenge that he was convicted in violation of his speedy trial rights cannot proceed in this civil rights case.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, ECF No. 30, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 28, 2016.


 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to**

**another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**